**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL MASTALSKI,** ) | Case No. **1:12 CV 1293** |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **MERCANTILE ADJUSTMENT** ) | |
| **BUREAU, LLC,** ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant's Motion to Dismiss or in the Alternative, for More Definite Statement ("Motion"). (**Doc #: 6**.) As characterized by Plaintiff Michael Mastalski, this is an errant-call case brought under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), by someone other than the debtor. For the following reasons, the Court **GRANTS** the Motion to Dismiss the FDCPA claim brought under 15 U.S.C. § 1692c, but **DENIES** the Motion to Dismiss the FDCPA claims brought under 15 U.S.C. § 1692d and 1692d(5).

### I. BACKGROUND

On May 23, 2012, Plaintiff filed the instant complaint alleging the following facts. Starting in late 2011, Defendant Mercantile Adjustment Bureau, LLC, "often telephoned Plaintiff multiple times daily" seeking to collect a consumer debt from a consumer debtor identified as "Nicole Scott." (Comp. ¶¶ 10-13.) Defendant also sent correspondence to Plaintiff's residence seeking to collect a debt from Nicole Scott. (Id.) Seeking to escape

Defendant's barrage of phone calls and correspondence, Plaintiff informed Defendant both verbally and in writing that he does not know Nicole Scott and that someone with that name cannot be accessed via his phone number and mailing address. (Id.) Plaintiff has demanded both verbally and in writing that Defendant remove his number from its contact list. (Id.) Regardless, Defendant continues to place daily calls to Plaintiff in connection with collecting this debt – which calls are made with the express intent to harass and annoy him. (Id.)

Based on these factual allegations, Plaintiff filed a one-count complaint on May 23, 2012 alleging that Defendant violated three separate FDCPA provisions in connection with Defendant's attempts to collect a debt. (Doc. 1.) Plaintiff asserts that Defendant's conduct violates:

- § 1692c(c) by failing to cease further communications with him after being notified in writing that he refused to pay the debt;

- § 1692d(5) by causing a telephone to ring or repeatedly engaging any person in telephone conversation designed to annoy and harass that person; and

- § 1692d by engaging in conduct designed to harass, oppress or abuse any person in connection with the collection of a debt.

(Comp. ¶ 14.) Plaintiff seeks statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k, costs and reasonable attorney fees, and any other relief the Court deems appropriate. (Id. ¶¶ 15-17.)

On June 12, 2012, Defendant filed the pending Motion, seeking dismissal of all claims. The Court has reviewed the Motion, the response brief (Doc #: 8), and the reply (Doc #: 9), and is prepared to issue its ruling.

## II. STANDARD OF REVIEW

Defendant's 12(b)(6) Motion to Dismiss for failure to state a claim seeks dismissal of all claims. A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. "The first step in testing the sufficiency of the complaint is to identify any conclusory allegations." *Doe v. Simpson*, No. C-1-08-255, 2009 WL 2591682, at *1 (S.D. Ohio Aug. 19, 2009) (citing *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)). 550 U.S. 544, 555 (2009)). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 120 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Simpson*, 2009 WL 2591682, at *1 (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 550). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. More is required than "unadorned, the-defendant-unlawfully-harmed me accusations." *Id*.

## III. ANALYSIS

### A.

First, Defendant contends that Plaintiff lacks standing to sue Defendant under 15 U.S.C. § 1962c because Plaintiff is not a "consumer" and enforcement under that provision is limited to

-3-

persons obligated to pay a debt. Plaintiff has voluntarily withdrawn its allegations with respect to the § 1692c claim. (See Doc #: 8 ("Opp. Br.") at 2 n.1.) Accordingly, the Court **GRANTS** the motion to dismiss the allegations brought under § 1692c of the FDCPA.

**B.**

Next, Defendant asks the Court to dismiss the FDCPA claim that is brought under 15 U.S.C. § 1692d(5). Under this provision:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> \* \* \*
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

Defendant acknowledges that § 1692d(5) protects "any person at the called number," including Plaintiff. Defendant argues, however, that the Court should dismiss this claim as a matter of law because the complaint fails to allege the number, character, and frequency of calls sufficient to maintain an FDCPA claim under this particular statutory provision. The Court disagrees.

Defendant has not cited a single case that addresses the sufficiency of FDCPA allegations in response to a motion to dismiss. Indeed, all but one of the ten cases Defendant cites are cases in which discovery has closed and the court is ruling on a summary judgment motion. (See Motion at 6-7 (citing *Druschel v. CCB Credit Serv., Inc.*, No. 8:10 cv 838, 2011 WL 2681637 (M.D.Fla. Jun. 14, 2011); *Shuler v. Ingram & Assoc.*, No. 10-14509, 2011 WL 4495624 (11th Cir. 2011); *Coleman v. Credit Mgt, LP*, No. 3:10 CV 2312-M, 2011 WL 5248219 (N.D.Tex.

Nov. 2, 2011); *Obenauf v. Frontier Fin. Group, Inc*., 785 F.Supp.2d 118 (D.N.M. 2011); *Waite v. Fin. Recovery Serv., Inc*., No. 8:09-cv-2336, 2010 WL 5209350 (M.D. Fla. Dec. 16, 2010); *Katz v. Capital One*, No. 09CV1059, 2010 WL 1039850 (E.D.Va. Mar. 18, 2010); *Pugliese v. Professional Recovery Serv., Inc*., No. 09-12262, 2010 WL 2632562 (E.D. Mich. Jun. 29, 2010); *Fry v. Berks Credit & Collections, Inc*., No. 3:11-cv-281, 2011 WL 6057781 (N.D. Ohio Nov. 17, 2011); *Udell v. Kansas Counselors, Inc*., 313 F.Supp.2d 1135 (D.Kan. 2004); *Saltzman v. I.C. Sys., Inc.*, No. 09-10096, 2009 WL 3190359 (E.D. Mich. Sep. 30, 2009). The only other case Defendant cites is a case in which the court held an evidentiary hearing on the amount of damages that should be awarded a plaintiff due to the defendant's unlawful collection calls. (Id. (citing *Obenauf v. Frontier Fin. Group, Inc*., 785 F.Supp.2d 1188 (D.N.M. 2011)).

Section 1692d(5) prohibits debt collectors from repeatedly or continuously calling any person with the intent to annoy, abuse, or harass that person. One court has defined "repeatedly" as "calling with excessive frequency under the circumstances." *Druschel, Inc*., 2011 WL 2681637, at *5 n.10. Among the noteworthy circumstances cited by courts granting summary judgment to debt collectors is the fact that they either stopped, or placed no more than one phone call, to the plaintiff after the plaintiff informed them he or she was not the debtor and told them to cease and desist. *See, e.g., Druschel*, 2011 WL 2681637; *Shuler*, 2011 WL 4495624; *Coleman*, 2011 WL 5248219.

Here, Plaintiff asserts that Defendant continued making daily calls to him after he told Defendant both verbally and in writing that no one named Nicole Scott resided at his address or was otherwise known to him, and after he told Defendant to remove his phone number from its contact list. Assuming the truth of these allegations, a reasonable juror could easily conclude

-5-

that Defendant's ongoing daily calls to Plaintiff after being apprised of this information and told to stop were made with the intent to annoy or harass him.[1]

The Court concludes that the complaint contains sufficient allegations to withstand dismissal of the § 1692d(5) claim.

## C.

Finally, Defendant asks the Court to dismiss the allegations under 15 U.S.C. § 1692d. Under § 1692d:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

15 U.S.C. § 1692d (emphasis added).

Defendant contends that the Court must dismiss this claim because there is no "debt" at issue; thus, there was no communication "in connection with the collection of a debt." (Motion, at 3.) In support of this position, Defendant cites the following definitional sections of the FDCPA:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

> The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

---

[1] The Court also notes that the number and frequency of calls alleged in the complaint substantially exceeds the total number of calls made in the afore-cited cases where the court granted summary judgment to the debt collectors. *See, e.g., Druschel*, 2011 WL 2681637 (ten calls); *Shuler*, 2011 WL 4495624 (five calls and two voicemail messages); *Coleman*, 2011 WL 5248219 (fourteen calls).

15 U.S.C. § 1692a(3) (emphasis added). Defendant contends that Plaintiff cannot state a claim under § 1692d because he is not the debtor and he was never obligated to pay the debt at issue.

This argument is ludicrous on its face. Defendant concedes that, with the exception of the frequency and nature of calls alleged in the complaint, Plaintiff is a proper party under the more specific provision of § 1692d(5). That section is among the examples of conduct that fall within, but <u>expressly</u> do not limit, "the general application of" § 1692d. This may be a distinction without a difference since the Court has denied the motion to dismiss § 1692d(5), and plaintiff can receive only one recovery from the facts giving rise to the complaint.

The Court notes, in passing, that Defendant did not cite a single case in support of its position wherein the court interpreted or analyzed § 1692d. In fact, the Sixth Circuit has expressly held, with respect to §§ 1692c and 1692d and 1692e, that relief is limited to "consumers" only under § 1692c - something Plaintiff already concedes. *Montgomery v. Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003) (citing *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F3d 647, 649 n.1 (6th Cir. 1994)). The Sixth Circuit explained,

> By its express terms, § 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse *any person* in connection with the collection of a debt. (Emphasis added). We have intereted this to mean that "any person who has been harmed by a proscribed debt collection practice under §1692d . . . [may] sue for damages under §1692k(a)(2)(A).

*Montgomery*, 346 F.3d at 697 (emphasis in original).

[Continued on next page.]

## IV.    CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Dismiss the FDCPA claim brought under 15 U.S.C. § 1692c, but **DENIES** the Motion to Dismiss the FDCPA claims brought under 15 U.S.C. § 1692d and 1692d(5).

**IT IS SO ORDERED.**

 */s/ Dan A. Polster    August 23, 2012*
**Dan Aaron Polster**
**United States District Judge**